# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00419-CV

**Office of Public Utility Counsel; State of Texas; and Steering Committee of Cities Camp Wood, Carrizo Springs, Corpus Christi, Eagle Pass, Edinburg, Edna, Harlingen, Laredo, McAllen, Mathis, Odem, Orange Grove, Pearsall, Pleasanton, Rockport, Roma, San Benito, Sinton, Taft, and Victoria, Appellants**

**v.**

**Public Utility Commission of Texas and Mutual Energy CPL, LP, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. GN203582, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

The Office of Public Utility Counsel, the State of Texas, and the Steering Committee of Cities Camp Wood, Carrizo Springs, Corpus Christi, Eagle Pass, Edinburg, Edna, Harlingen, Laredo, McAllen, Mathis, Odem, Orange Grove, Pearsall, Pleasanton, Rockport, Roma, San Benito, Sinton, Taft, and Victoria appeal from the district court's judgment affirming the decision of the

Public Utility Commission in this ratemaking proceeding concerning the adjustment of the fuel-factor portion of the price-to-beat of Mutual Energy CPL, LP. Appellants raise several issues that we have discussed and resolved in favor of the district court's affirmance of the Commission's decision in *Cities of Alvin v. Public Utility Commission*, No. 03-03-00386-CV (Tex. App.—Austin Aug. 26, 2004). There are some factual differences between that case and this one due to the differences in the parties involved; for example, the ten-day market period measured differs, the percentage increase in the fuel factor differs, and the appellant cities request different amounts of expenses be reimbursed. But the issues raised are essentially the same; indeed, some parties have filed identical or nearly identical briefs in the two cases. Accordingly, the discussions and resolutions of the issues raised in *Cities of Alvin* apply to the issues raised in this appeal.

Appellants in this case also challenge the district court's refusal to allow discovery regarding the energy and gas purchase contracts of Mutual Energy WTU, LP. We review discovery rulings by the Commission for an abuse of discretion. *Southwestern Bell Tel. Co. v. Public Util. Comm'n of Tex.*, 31 S.W.3d 631, 640 (Tex. App.—Austin 2000), *aff'd sub nom. Cities of Austin, Dallas, Ft. Worth and Hereford v. Southwestern Bell Tel. Co.*, 92 S.W.3d 434, 446 (Tex. 2002). Appellants state that they wanted this evidence to better illustrate the market prices of gas and energy and the adequacy of the existing fuel factor. But we have determined that the Commission acted within its discretion by adopting the NYMEX index as the sole measure of the market price of gas and energy and therefore that the provider's actual contract prices paid for gas and energy do not illuminate the relevant market price. See Cities of Alvin, slip op. at 17-21. The Commission did not abuse its discretion and appellants were not harmed by the prohibition of discovery into this area.

We conclude that the appellants in this case have not shown error. We affirm the district court's affirmance of the Commission's decision.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   August 26, 2004